IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JL BARRETT CORPORATION d/b/a ACCUCOLOR DIGITAL PRINTING,<br><br>Plaintiff,<br><br>vs.<br><br>CANON FINANCIAL SERVICES, INC. and CANON BUSINESS SOLUTIONS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT CANON FINANCIAL SERVICES' MOTION TO DISMISS FOR IMPROPER VENUE<br><br><br><br>Case No. 1:10-CV-87 TS |

This matter is before the Court on Defendant Canon Financial Services' Motion to Dismiss for Improper Venue. For the reasons discussed below, the Court will grant the Motion and dismiss this matter without prejudice.

I.  FACTUAL BACKGROUND

Plaintiff brought this action against Defendant Canon Financial Services, Inc. ("CFS") and Canon Business Solutions, Inc. ("CBS") on June 4, 2010. Plaintiff's Complaint contains claims for fraudulent inducement, violation of the Utah Truth in Advertising Act,

indemnification, breach of contract, breach of the covenant of good faith and fair dealing, and negligent misrepresentation.

Plaintiff's claims are presented in detail in its Complaint.[1] Simply stated, Plaintiff's claims arise out of a Lease Agreement and personal guaranty entered into between Plaintiff and CFS and the representations allegedly made to persuade Plaintiff into entering that Lease Agreement and personal guaranty.

The Lease Agreement states, in pertinent part:

> **GOVERNING LAW; VENUE; WAIVER OF JURY TRIAL.** THIS AGREEMENT HAS BEEN EXECUTED BY CFS IN, AND SHALL FOR ALL PURPOSES BE DEEMED A CONTRACT ENTERED INTO IN THE STATE OF NEW JERSEY, THE RIGHTS OF THE PARTIES UNDER THIS AGREEMENT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF NEW JERSEY WITHOUT REFERENCE TO CONFLICT OF LAWS PRINCIPLES. ANY ACTION BETWEEN CUSTOMER AND CFS SHALL BE BROUGHT IN ANY STATE OR FEDERAL COURT LOCATED IN THE COUNTY OF CAMDEN OR BURLINGTON, NEW JERSEY, OR AT CFS'S SOLE OPTION, IN THE STATE WHERE THE CUSTOMER OR EQUIPMENT IS LOCATED. CUSTOMER, BY ITS EXECUTION AND DELIVERY HEREOF, IRREVOCABLY WAIVES OBJECTIONS TO THE JURISDICTION OF SUCH COURTS AND OBJECTIONS TO VENUE AND CONVENIENCE OF FORUM. CUSTOMER, BY ITS EXECUTION AND DELIVERY HEREOF, AND CFS, BY ITS ACCEPTANCE HEREOF, HEREBY WAIVES ANY RIGHT TO A JURY TRIAL IN ANY SUCH PROCEEDINGS.[2]

Additionally, the personal guaranty signed by Louis Barrett, the Treasurer of JL Barrett, states:

> This guaranty shall for all purposes be deemed a contract entered into in the state of New Jersey. The rights of the parties under this agreement shall be governed by

---

[1] Docket No. 2.

[2] Docket No. 11, Ex. A.

the laws of the state of New Jersey without reference to conflict of law principles. Any action between the guarantors and CFS shall be brought in any state or federal court located in the county of Camden or Burlington, New Jersey, or at CFS' sole option, in the state where the guarantors or the equipment is located. The guarantors, by their execution and delivery hereof, irrevocably waive objections to the jurisdiction of such courts and objections to venue and convenience of forum. The guarantors, by their execution and delivery hereof, and CFS, by its acceptance hereof, hereby waive any right to a jury trial in any such proceedings.[3]

Defendant CBS has answered Plaintiff's Complaint, while Defendant CFS seeks dismissal against it pursuant to the forum selection clauses contained in the Lease Agreement and personal guaranty. In addition, Defendant CFS has filed suit against JL Barrett Corporation and Louis Barrett in New Jersey.[4] The New Jersey action was filed before this action, but was not served on Plaintiff until after this action had been filed.

## II. DISCUSSION

"A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3)."[5] Mandatory forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."[6] The burden is on Plaintiff to

---

[3]*Id*.

[4]*Id*., Ex. B.

[5]*K&V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 497 (10th Cir. 2002) (quoting *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992)).

[6]*Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992).

make a strong showing that the forum selection clause should be set aside.[7] As there is no material difference between federal law, Utah law, and New Jersey law on this issue, there is no need for the Court to determine which law applies here.[8]

The Utah Supreme Court, in *Prows v. Pinpoint Retail Systems*,[9] adopted Section 80 of the Second Restatement of Conflict of Laws, which states: "The parties' agreement as to the place of the action will be given effect unless it is unfair or unreasonable."[10] The court stated:

> Under this section, a plaintiff who brings an action in violation of a choice-of-forum provision bears the burden of proving that enforcing the clause is unfair or unreasonable.
> To meet this burden, a plaintiff must demonstrate that the chosen state would be so seriously an inconvenient forum that to require the plaintiff to bring suit there would be unjust. On this point, the United States Supreme Court stated, "[I]t should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be [so] gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." While this is a heavy burden, it is not insurmountable.[11]

New Jersey courts follow a similar approach when considering forum selection clauses. Such clauses will be enforced unless the party objecting thereto demonstrates (1) the clause is a result of fraud or overweening bargaining power, (2) enforcement in a foreign forum would

---

[7]*M/S Bremen, GmBH v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

[8]*See Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320-21 (10th Cir. 1997).

[9]868 P.2d 809 (Utah 1993).

[10]*Id.* at 812 (quoting Restatement (Second) of Conflict of Laws § 80 (Supp. 1988)).

[11]*Id.* (quoting *M/S Bremen*, 407 U.S. at 18) (other quotation marks and citations omitted).

4

violate strong public policy of the local forum, or (3) enforcement would be seriously inconvenient for the trial.[12]

Plaintiff argues that: (1) the forum selection clause should not be enforced because its application is unreasonable and unjust under the circumstances; and (2) the forum selection clause is invalid because it contravenes the strong public policy of litigating all related claims in one action.

A. ENFORCEMENT OF THE FORUM SELECTION CLAUSE IS NOT UNREASONABLE OR UNJUST UNDER THE CIRCUMSTANCES

Plaintiff first argues that it would be unreasonable to enforce the provision because "[e]verything in AccuColor's dealings and interactions with Canon representatives led AccuColor to believe that it was dealing with 'Canon' and not two separate and distinct entities."[13] Plaintiff relies on the allegations made in its Complaint that "Canon" employees made certain representations which induced them to enter into the Lease Agreement, that "Canon" failed to abide by those representations, and that the exact structure of the Lease Agreement was not made known to them.

As CFS points out, these factual allegations are disputed by CBS and are in conflict with the terms of the Lease Agreement. Even accepting these factual allegations as true, Plaintiff has not shown that enforcement of the forum selection clause is unreasonable on this basis. The fact that Plaintiff may not have realized the distinction between CBS and CFS and did not understand

---

[12] *Wilfred MacDonald Inc. v. Cushman Inc.*, 606 A.2d 407, 410 (N.J. Super. Ct. App. Div. 1992).

[13] Docket No. 14 at 2.

5

the exact structure of the lease agreement does not implicate a public policy of the forum, nor does it show that enforcement of the forum selection clause would be inconvenient or unreasonable.

Plaintiff next argues that the forum selection clause is not the product of the negotiations of two sophisticated businesses. "However, the United States Supreme Court has noted that a forum selection clause in a non-negotiated form contract is valid, so long as it is not fundamentally unfair."[14] There is nothing to suggest that the forum selection clause in this case is "fundamentally unfair." Further, there are no allegations that AccuColor was forced to enter into the agreement, merely that it did not understand the precise nature of it.

Plaintiff also argues that New Jersey is a forum unrelated to the parties or underlying facts. Plaintiff points out that many of the events and witnesses are located in Utah. CFS counters that some of the events and some of the witnesses are located in New Jersey. Therefore, this argument does not weigh in favor or either party.

At oral argument, Plaintiff emphasized that because many of the witnesses are located in Utah and not subject to the subpoena power of a New Jersey court, it would be difficult and prohibitively expensive to litigate this case in New Jersey. While it may be true that it will be more difficult and expensive for Plaintiff to litigate this matter in New Jersey, Plaintiff has not

---

[14]*Coombs v. Juice Works Dev. Inc.*, 81 P.3d 769, 774 (Utah Ct. App. 2003) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)).

shown "that trial in the contractual forum will be so gravely difficult and inconvenient that [it] will for all practical purposes be deprived of [its] day in court."[15]

B.      PUBLIC POLICY OF LITIGATING ALL RELATED CLAIMS IN ONE ACTION

Plaintiff next argues that courts recognize a strong public policy favoring litigating all claims in one action and will decline to enforce otherwise valid forum selection clauses when doing so would violate this public policy. Plaintiff argues that because its claims against CFS and CBS are intricately related, enforcing the forum selection clause in this matter would violate this public policy, as it would require litigation against CBS in Utah and against CFS in New Jersey.

Plaintiff is correct that federal courts, as well as courts in Utah and New Jersey, have all expressed a strong public policy of litigating all related claims in one action.[16] However, this is not a situation where enforcement of the forum selection clause would result in bifurcated litigation. As indicated, Defendant CFS has filed suit against JL Barrett Corporation and Louis Barrett in New Jersey. Further, Defendant CBS has indicated that it is willing to waive any venue or personal jurisdiction objection to Plaintiff asserting the claims that it has asserted in this action in any state or federal court in the county of Camden or Burlington, New Jersey. Thus, Plaintiff could bring all of the claims it now brings against Defendants in New Jersey.

---

[15]*M/S Bremen*, 407 U.S. at 18; *see also Coombs*, 81 P.3d at 774-75 (stating that the plaintiffs had failed to meet their burden to establish that suit in another forum would be so gravely difficult and inconvenient that the plaintiffs would be deprived of their day in court).

[16]*See Prows*, 868 P.2d at 812-13; *McNeill v. Zoref*, 687 A.2d 1052, 1057 (N.J. Super. Ct. App. Div. 1997).

Bifurcation would only occur if Plaintiff chose to proceed in two separate forums. Therefore, the public policy at issue in the cases cited by Plaintiff is not present here.

III. CONCLUSION

It is therefore

ORDERED that Defendant Canon Financial Services' Motion to Dismiss for Improper Venue (Docket No. 10) is GRANTED. This matter is dismissed without prejudice.

DATED   October 21, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge