IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JL BARRETT CORPORATION d/b/a ACCUCOLOR DIGITAL PRINTING,<br><br>Plaintiff,<br><br>vs.<br><br>CANON FINANCIAL SERVICES, INC. and CANON BUSINESS SOLUTIONS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS COUNTERCLAIM<br><br><br><br>Case No. 1:10-CV-87 TS |

This matter is before the Court on Canon Financial Services' ("CFS") Motion to Dismiss. CFS seeks dismissal of JL Barrett Corporation and Louis Barrett's claim of fraudulent inducement. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Plaintiff JL Barrett Corporation d/b/a Accucolor Digital Print ("AccuColor") originally filed its Complaint in this Court on June 4, 2010. AccuColor brought claims against both CFS and Canon Business Solutions, Inc. ("CBS"). AccuColor's Complaint contained claims for fraudulent inducement, violation of the Utah Truth in Advertising Act, indemnification, breach

1

of contract, breach of the covenant of good faith and fair dealing, and negligent misrepresentation. CBS answered AccuColor's Complaint and filed a counterclaim. CFS filed a Motion to Dismiss for improper venue, which was granted by the Court.

Around the same time, CFS filed a case against AccuColor and Louis Barrett, which was removed to the United States District Court for the District of New Jersey (the "New Jersey Action"). The New Jersey Action was later transferred to this Court ("Case No. 1:10-CV-201").

In Case No. 1:10-CV-201, AccuColor and Louis Barrett filed and Answer and Counterclaim. Count I of the Counterclaim is a claim for fraudulent inducement, which is the subject of this Motion. Case No. 1:10-CV-201 has now been consolidated into this action.

## II. DISCUSSION

CFS seeks dismissal of AccuColor and Louis Barrett's counterclaim for fraudulent inducement. CFS argues that the counterclaim for fraudulent inducement fails to meet the requirements of Fed.R.Civ.P. 9(b). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Simply stated, a complaint must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[1] "Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud."[2]

---

[1] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

[2] *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (quotation marks and citation omitted).

Considering the counterclaim as a whole, the Court finds that it meets the requirements of Rule 9(b). The allegations in the counterclaim clearly set out the alleged misrepresentations and omissions, the time of these alleged misrepresentations and omissions, the individuals involved, and the consequences of the alleged misrepresentations and omissions. Specifically, the counterclaim alleges that individuals, who had actual or apparent authority to act on behalf of CBS and CFS, made certain representations to AccuColor concerning the ImagePress 6000. These representations are detailed on pages 8 to 10 of the counterclaim. The counterclaim alleges that these representations were either false or made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, and that the ImagePress C6000 and Canon have failed to perform as represented. The counterclaim states that these representations were made to induce AccuColor to purchase the ImagePress C6000. The counterclaim alleges that these representations were material to AccuColor, were relied upon by AccuColor in ultimately making its decision to purchase the ImagePress C6000, and that AccuColor has been damaged as a result.

The Court finds that such allegations sufficiently set forth a plausible claim of fraudulent inducement against CFS and are sufficient to meet the pleading requirements of Rule 9(b). Therefore, the Court will deny the Motion to Dismiss.

### III.  CONCLUSION

It is therefore

ORDERED that CFS' Motion to Dismiss (Docket No. 37) is DENIED. The hearing set for May 11, 2011, is STRICKEN.

DATED April 5, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge